IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BULLEX, a New York Corporation,<br><br>                Plaintiff,<br>v.<br><br>JINHAK YOO, an individual,<br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING SECOND RENEWED EX PARTE MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:10-cv-668 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiff's Second Renewed Ex Parte Motion for Alternative Service.[1] Plaintiff seeks to serve the Defendant in this case, JinHak Yoo, by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3).[2] In relevant part this rule provides, "Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed– may be served at a place not within any judicial district of the United States: (3) by other means not prohibited by international agreement, as the court orders." Here, Plaintiff seeks to serve Defendant via electronic mail (email). Given the circumstances of this case and finding good cause shown, the court GRANTS Plaintiff's motion.

Federal Rule of Civil Procedure 4(f)(3) permits service in a place outside of the United States by alternative means when the service is (1) directed by the court; and (2) not prohibited by international agreement. As noted by the Ninth Circuit in *Rio Properties, Inc. v. Rio International Interlink*,[3] Rule 4 does not create a "hierarchy of preferred methods of service"

---

[1] Docket no. 15.

[2] Fed. R. Civ. P. 4(f)(3).

[3] 284 F.3d 1007 (9th Cir. 2002).

whereby a party must first attempt service of process through diplomatic channels, letters rogatory, or by methods outlined in the specific foreign country. Instead, Rule 4(f)(3) may be used as long as its two requirements are met. Additionally, the alternative service must comport with constitutional notions of due process. To meet this additional requirement, the method of service allowed by the district court must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[4]

Relying on Rule 4(f)(3) and its predecessor, courts "have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."[5] For example in *Smith v. Islamic Emirate*,[6] the court authorized service by publication on terrorism impresario Osama bin Laden and al-Qaeda. In *Int'l Controls Corp v. Vesco*,[7] the court permitted service by mail to a defendant's last known address. And, both the Ninth Circuit and the Northern District of Georgia have allowed service by email.[8]

Here, Plaintiff initially sought service by publication, which the court denied, because Plaintiff sought to serve Defendant under Federal Rule 4(e)(1) even though Defendant is located in a foreign country, South Korea.[9] Plaintiff then renewed the motion properly relying on Federal Rule 4(f)(3). The court, however, denied this motion because Plaintiff failed to properly address South Korea's objections-made in accordance with the Hague Convention-to judicial

---

[4] *Mullaine v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[5] *Rio Properties*, 284 F.3d at 1016.

[6] 2001 WL 1658211 at *2-*3 (S.D.N.Y. Dec. 26 2001).

[7] 593 F.2d 166, 176-78 (2d Cir. 1979)

[8] *See Rio Properties*, 284 F.3d at 1017; *In re International Telemedia Associates, Inc.*, 245 B.R. 713, 719-20 (Bankr.N.D.Ga.2000).

[9] Docket no. 11.

documents sent by postal channels.[10] Now, in Plaintiff's third attempt for alternative service, Plaintiff urges this court to allow alternative service by email.

In this case, Plaintiff has tried to locate Defendant and despite Plaintiff's best efforts, Defendant has essentially evaded service.[11] Considering the facts of this case, the court finds that service by email is permissible under Rule 4(f)(3), that it comports with constitutional notions of due process,[12] and is the method of service most likely to reach Defendant.

Defendant owns a number of domain names including the one that is at dispute in this case. When an individual registers a domain name, they are required by the Internet Corporation for Assigned Names and Numbers (ICANN) to provide an accurate email address in their registration documents. Failure to do so results in a deficient application that will be revoked. Thus, Defendant is required to maintain an accurate email address to purchase, maintain, or transfer his domain accounts. Given this obligation, the court believes service to Defendant's email address will give the best opportunity to apprise Mr. Yoo of the pendency of this action and afford him an opportunity to object.[13]

Further, Defendant has received and responded to emails from Plaintiff in reference to the decision of the National Arbitration Forum ordering that the disputed domain name be transferred from Defendant to Plaintiff.[14] Thus, Defendant has shown that he is already using email to deal with matters related to this case.

---

[10] Docket no. 14.

[11] *See* mem. in supp. p 1-3.

[12] *Rio Properties*, 284 F.3d at 1017 (finding that email comports with the Constitutional requirements of due process).

[13] *See Mullaine*, 339 U.S. at 314.

[14] A copy of this decision may be found online by searching the National Arbitration Forum's domain name dispute proceedings and decisions found at http://domains.adrforum.com/decision.aspx. The case number is 1284558.

Finally, as noted by the court in *New England Merchants*,[15] in allowing service of process via telex on Iranian defendants:

> Courts . . . cannot be blind to changes and advances in technology. No longer do we live in a world where communications are conducted solely by mail carried by fast sailing clipper . . . ships. Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut.[16]

The court agrees. Technology has benefited businesses, individuals and the judicial system. Its use in this case for service of process is proper.

## ORDER

Accordingly, Plaintiff's Second Renewed Ex Parte Motion for Alternative Service is GRANTED. Plaintiff is ordered to serve its Complaint and Summons via email to the following addresses of Defendant.

artpos@naver.com
meganicx@nate.com
magnes@dreamwiz.com
magnest@hanafox.com

Plaintiff is to submit a certificate of compliance to the court. Service shall be deemed complete thirty (30) days after receipt of the certificate of compliance.

DATED this 1 April 2011.

Brooke C. Wells
United States Magistrate Judge

---

[15] 495 F.Supp. 73 (D.C.N.Y. 1980).

[16] *Id.* at 81.